IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEYANNE GAIL STANLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-47-E |
| KILOLO KIJAKAZI[1], Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 12th day of April, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court will grant Defendant's motion. The agency's final decision denying Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence, and the Court detects no legal error in the decision. Therefore, the Court will affirm. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).[2]

---

[1] Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

[2] If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990). The Court finds here that substantial evidence supports the ALJ's decision and, therefore, it will affirm.

In this case, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly weigh the opinion of her treating physician, Meghan McCarthy, D.O. (R. 900-03).

---

However, in so doing, Plaintiff relies on treating source standards not applicable to her claim, which was filed on November 5, 2018. Contrary to Plaintiff's contention (Doc. No. 19 at p.14), for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c) and 416.920c(b) and (c).

      The ALJ here properly considered medical source evidence pursuant to Sections 404.1520c and 416.920c. Indeed, as Defendant notes, the ALJ did not reject Dr. McCarthy's opinion in its entirety and, in fact, specifically adopted parts of the opinion. The part rejected by the ALJ primarily related to claims that Plaintiff could not work or that she should apply for disability. It is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i) and 416.920b(c)(3)(i); *Griffin v. Comm'r of Soc. Sec.*, 305 Fed. Appx. 886, 891 (3d Cir. 2009); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). In any event, the ALJ's consideration of Dr. McCarthy's opinion was very thorough, citing and discussing essentially all of the relevant evidence. Substantial evidence supports her finding.

      Plaintiff further argues that the ALJ failed to acknowledge or properly weigh certain other evidence of record, including lay testimony, evidence of panic attacks, and increased levels of treatment over time. (Doc. No. 19 at pp. 15-19). Plaintiff contends that such evidence supports greater limitations than those identified in the residual functional capacity formulated by the ALJ. (*Id.*) However, an ALJ is not required to discuss or refer to every piece of relevant evidence in the record. *See Zagari v. Saul*, No. 19-1674, 2021 U.S. Dist. LEXIS 32743, at *8 (W.D. Pa. Feb. 22, 2021). Moreover, "[i]t is axiomatic that an ALJ is entitled to accept or reject evidence, so long as he explains his legitimate reasons for doing so." *Jacobs v. Colvin*, No. 15-1614, 2017 U.S. Dist. LEXIS 7812, at *3 (W.D. Pa. Jan. 20, 2017). Here, the ALJ conducted a thorough review of the evidence and adequately explained the bases for her conclusions. As noted above, the Court may not re-weigh the evidence to draw its own conclusion. Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). *See also Handy v. Kijakazi*, No. 20-1567, 2021 U.S. Dist. LEXIS 237376, at *7 (W.D. Pa. Dec. 13, 2021). The ALJ's rationale for her decision here was particularly well-supported, not only by the objective medical evidence, Plaintiff's activities of daily living, and the testimony of several witnesses, but also by the opinions of four state reviewing agents.

      Accordingly, the ALJ's findings were supported by substantial evidence, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED as set forth herein.

<u>s/Alan N. Bloch</u><br>
United States District Judge

ecf:    Counsel of record